J-S17021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                 :            PENNSYLVANIA
                                                 :

                       v.                     :

                                               :

ERIC WILLIAM SHAY                :
                                               :

                   Appellant          :      No. 714 MDA 2020

Appeal from the PCRA Order Entered March 18, 2020,
in the Court of Common Pleas of Lackawanna County,
Criminal Division at No(s):  CP-35-CR-0000276-2015.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:     **FILED: NOVEMBER 22, 2021**

Eric William Shay appeals *pro se* from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts as follows:

> The charges in this case arose on February 3 and 4, 2015, when [Shay], using an online service called "Grindr" and his cell phone, communicated with an undercover special agent of the Pennsylvania Attorney General's Office, who he believed to be a 14-year-old boy, for the purpose of engaging in involuntary deviate sexual intercourse.  [Shay] sent the agent obscene pictures and arranged to meet him at the Turkey Hill in Dunmore on February 2, 2015, for the purpose of engaging in sexual intercourse.  When he arrived, he was approached by law enforcement.  He

---

[*] Retired Senior Judge assigned to the Superior Court.

> admitted that he was there to meet a 14 or 15-year-old boy in order to have sex with him, and was arrested.

Rule 907 Notice, 2/4/20, at 1.

On February 17, 2016, a jury convicted Shay of unlawful contact with a minor, criminal attempt to commit involuntary deviate sexual intercourse, and related charges. On June 29, 2016, the trial court sentenced Shay to an aggregate term of 6½ to 19 years of imprisonment, and a consecutive 4-year probationary term. Although, Shay did not originally file an appeal, he subsequently filed a PCRA in which he sought the reinstatement of his appellate rights *nunc pro tunc*. The PCRA court granted Shay's petition on August 1, 2017.

Shay filed a timely appeal to this Court. On September 18, 2018, this Court affirmed Shay's judgment of sentence. ***Commonwealth v. Shay***, 198 A.3d 463 (Pa. Super. 2018) (non-precedential decision). On March 12, 2019, our Supreme Court denied Shay's petition for allowance of appeal. ***Commonwealth v. Shay***, 201 A.3d 361 (Pa. 2019).

On August 19, 2019, Shay filed a *pro se* PCRA petition, and the PCRA court appointed counsel. Thereafter, the Commonwealth filed an answer. On October 23, 2019, PCRA counsel filed a petition to withdraw as counsel and a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted Shay leave to file an amended PCRA petition. Shay filed the amended petition on December 16, 2019.

On February 4, 2020, the PCRA court issued a Rule 907 notice of its intent to dismiss Shay's petition without a hearing. The PCRA court also granted PCRA counsel's petition to withdraw. Shay filed a *pro se* response. By order entered March 18, 2020, the PCRA court denied Shay's PCRA petition. This timely appeal followed. Both Shay and the PCRA court have complied with Pa.R.A.P. 1925.

Shay raises the following issue on appeal:

1. Was trial counsel ineffective by failing to raise the entrapment defense to the jury and for never developing a defense strategy at trial?

Shay's Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Moreover,

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Shay contends that his trial counsel provided him with ineffective assistance. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Shay contends that counsel should have raised an entrapment defense at trial. The defense of entrapment is set forth in the Crimes Code as follows:

**§ 313. Entrapment**

**(a) General rule.—**A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:

(1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or

(2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.

**(b) Burden of proof.—**Except as provided in subsection (c) of this section, a person prosecuted for an offense shall be acquitted if he proves by a preponderance of the evidence that his conduct occurred in response to an entrapment.

**(c) Exception.—**The defense afforded by this section is unavailable when causing or threatening bodily injury is an element of the offense charged and the prosecution is based on conduct causing or threatening such injury to a person other than the person perpetrating the entrapment.

18 Pa.C.S.A. § 313.

This Court has noted the differences in the present statute from the former section. We explained:

Prior to 1972, when the new Crimes Code was enacted, the law employed a "subjective" test to determine whether a defendant had been entrapped. The focus was on the defendant's predisposition to committing the crime, rather than the conduct of law enforcement. As such, the burden fell on the Commonwealth to disprove entrapment (or lack of intent) beyond a reasonable doubt. However, upon the enactment of 18 Pa.C.S.A. § 313 as part of the 1972 Crimes

> Code, the burden, along with the nature of the test to determine entrapment, shifted. The focus of the fact-finder's inquiry became the conduct of the police and the burden shifted to defendants to prove, by a preponderance of the evidence, that they had been entrapped.
>
> ***
>
> The defense of entrapment, as defined in the Commonwealth of Pennsylvania, is based on an objective standard intended to deter overreaching on the part of law enforcement and those individuals acting in cooperation with law enforcement such as confidential informants.

*Commonwealth v. Willis*, 990 A.2d 773, 775 (Pa. Super. 2010) (citations omitted).

The police generally are permitted to use artifice and deception to catch criminals. "Where police do no more than afford a defendant an opportunity to commit an illegal act, their actions are not considered sufficiently outrageous police conduct to support an entrapment defense." *Commonwealth v. Marion*, 981 A.2d 230, 239 (Pa. Super. 2009) (citation omitted). Rather, the defense of entrapment is "aimed at condemning certain impermissible conduct which falls below standards for the proper use of governmental power." *Commonwealth v. Joseph*, 848 A.2d 934, 939 (Pa. Super. 2004) (citation omitted).

Here, the PCRA court found Shay's claim that trial counsel was ineffective for failing to raise an entrapment defense lacked arguable merit. The PCRA court explained:

> [Shay] asserts that his trial counsel was ineffective because she did not raise an entrapment defense. As [PCRA counsel] concluded, trial counsel did not raise an

entrapment defense because there was no basis to raise this defense. At the sentencing hearing, [Shay's] sentencing counsel made an oral motion for extraordinary relief and requested a new trial because the entrapment defense was not raised by trial counsel. The Commonwealth replied that trial counsel likely did not raise an entrapment defense because it would have failed miserably, because [Shay] initiated the contact with the individual who then indicated that they were a 14-year-old boy, and it was [Shay] who suggested to the minor that they meet. The court found that the Commonwealth did not advertise that they were a 14-year-old until after the contact by [Shay], and the agent told [Shay] that he was 14 years old and [Shay] knew he was dealing with a 14-year-old. The court denied the motion.

Where police do no more than afford a defendant an opportunity to commit an illegal act, their actions are not considered sufficiently outrageous police conduct to support an entrapment defense. **Commonwealth v. Zingarelli**, 839 A.2d 1064 (Pa. Super. 2003) (where police use internet sting operation and pose as a 15-year-old, they merely provide defendant with an opportunity to commit a crime and do not engage in egregious behavior that would constitute entrapment). Here, [the special agent] testified that [Shay] reached out to him initially, and [the agent] then told [Shay] he was 14 years old and asked if [Shay] was "chilz" with his age, and [Shay] stated that he was. Thus, the Commonwealth merely provided [Shay] with the opportunity to commit the crimes here and did not engage in behavior that would constitute entrapment. Since counsel will not be deemed ineffective for failing to raise a baseless claim, this argument is without merit.

Rule 907 Notice, 2/4/20, at 5-6 (citations to record omitted).

Our review of the record supports the PCRA court's conclusion that the facts, as presented by the Commonwealth, would not support a defense of entrapment. In arguing to the contrary, Shay relies largely on older federal and Pennsylvania case law which focused on a defendant's predisposition to

commit the crime, placed the burden on the Commonwealth to disprove an entrapment defense, or otherwise involved disputed facts regarding the extent of inducement by government agents. *See* Shay's Brief at 17-19.

Shay also asserts that his case is "similar to" *U.S. v. Senke*, 2017 WL 4159795 (M.D Pa. 2017). Initially, we note that federal decisions are not controlling. "Absent a United States Supreme Court pronouncement, the decisions of federal courts are not binding on state courts." *Commonwealth v. Walker*, 139 A.3d 225, 230 (Pa. Super. 2016) (citations omitted).

In *Senke*, the government filed a motion *in limine* to prevent the defendant from raising an entrapment defense at trial. Like the instant case, *Senke* involved a government agent posing online as a minor on an adult-only internet site. However, this is where the similarity ends. After discussing in detail the protracted investigation involving the many interactions—several which were initiated by the government—the federal district court found "ample evidence exist[ed] that the government induced [Senke] to commit a crime that he was not predisposed to commit." *Id.* at 9. Thus, the court denied the government's motion, and permitted Senke to present an entrapment defense at trial.[1]

Here, by contrast, and as explained above, there was no evidence of improper inducement by the Commonwealth; at the beginning of his

---

[1] Ultimately, a jury rejected Senke's entrapment defense and convicted him of attempted sex offenses involving a minor. *See U.S. v. Senke*, 986 F.3d 300 (3rd Cir. 2021).

interaction with the agent, Shay was told that the person with whom he was corresponding was a minor. Despite this knowledge, Shay continued his contact with the "minor," via Grindr and text message, for the purpose of meeting the minor so that they could engage in sexual activity. Because the agent did no more than provide Shay an opportunity to commit a crime he wished to commit, *Marion*, *supra*, Shay's ineffectiveness claim that trial counsel was ineffective for failure to raise an entrapment defense fails.

Additionally, Shay argues that trial counsel failed to present any defense at all. Shay's Brief at 8. A review of Shay's trial transcript refutes this claim. Indeed, our reading reveals trial counsel raised as a defense Shay's failure to take the substantial step needed to establish that he attempted to commit offenses at issue. Although ultimately unsuccessful on each occasion, this was the same defense raised in *Zingarelli*, *supra*, and *Commonwealth v. Jacob*, 867 A.2d 614 (Pa. Super. 2005). Here, trial counsel raised a viable defense, but the jury rejected it.

In sum, because trial counsel had no basis upon which to raise an entrapment defense, she cannot be deemed ineffective for failing to raise it at trial. *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006). Additionally, our review of the record refutes Shay's claim that trial counsel failed to present any defense on his behalf. Thus, we affirm the PCRA court's order denying Shay post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/22/2021</u>